IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JORGE L. RODRIGUEZ-GONZALEZ,
YVETTE IRIZARRY, CONJUGAL
PARTNERSHIP RODRIGUEZ-IRIZARRY,

**Plaintiffs**

v.

AXA EQUITABLE LIFE INSURANCE
COMPANY, DISABILITY MANAGEMENT
SERVICES, INC., JOHN DOE, XYZ
COMPANY,

**Defendants**

AXA EQUITABLE LIFE INSURANCE
COMPANY,

Counter-Claimant

v.

JORGE L. RODRIGUEZ-GONZALEZ,

Counter-Defendant

**CIVIL NO.** 06-1717 (JAG)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

GARCIA-GREGORY, D.J.

Before the Court is an unopposed Report and Recommendation issued by Magistrate-Judge Justo Arenas on June 1, 2007. (Docket No. 34). The court referred for a Report and Recommendation a motion for 12(b)(6)[1] dismissal, (Docket No. 18) filed on February 9,

---

[1] Plaintiffs assert that the motion to dismiss is filed pursuant to Rule 12(b) without specifying the appropriate subsection. Since defendants conceded in their response that they were filing the opposition pursuant to Rule 12(B)(6), the Court

Civil No. 06-1717 (JAG)                                          2

2007, by Jorge L. Rodriguez-Gonzalez, Yvette Irizarry and the Rodriguez-Irizarry Conjugal Partnership (hereinafter "plaintiffs") against AXA Equitable Life Insurance Company ("AXA") (a New York corporation) and Disability Management Services, Inc. ("DMS") (a corporation organized under the laws of Connecticut with PPB in Massachusetts) (hereinafter "defendants").  In the Report and Recommendation, the Magistrate-Judge recommends the motion to dismiss be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed the July 21, 2006 complaint alleging "severe mental anguish and unnecessary emotional and economic distress, as they encountered certain financial difficulties when defendants purposely delayed and/or ceased to pay plaintiffs' policy benefits." Plaintiffs further allege that the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Judicial Center had registered and notified on June 30, 2005 a summary judgement in favor of plaintiffs.  Plaintiffs allege that the Court of First Instance entered judgment that "monthly medical examinations were not required in the [insurance] policy [between the plaintiffs and AXA]." In the complaint before this court, plaintiffs further state that the Court of First Instance dismissed without prejudice a cause of action for damages against defendants.

---

treats the motion accordingly.

Civil No. 06-1717 (JAG)                                               3

On September 11, 2006, defendants filed an answer to the complaint and a counterclaim. Defendants' counterclaim requests that the Court enter declaratory judgment stating that: I) plaintiffs breached the insurance policy issued to him by AXA not submitting an Attending Physician Statement every time he visited a physician as allegedly declared by the local court judgment; II) plaintiffs breached the insurance policy by not submitting to an independent medical evaluation in July 2006; III) plaintiffs breached the insurance policy by failing to cooperate in the evaluation of his claim and barring defendants from gathering medical information; and IV) that said violations warrant the resolution of the policy.

Plaintiffs' motion to dismiss the counterclaim contends that A) defendant DMS has no standing to sue; and B) defendants' counterclaim is precluded by local court judgment.

**DISCUSSION**

A. DMS standing to sue

Plaintiffs allege that DMS was not a party to the insurance policy and thus has no standing to claim the return of payments that it "did not make." (Docket No. 18, at 2, ¶ 5.) However, plaintiffs' allegations in the complaint refer to both defendants, AXA and DMS. (Docket No. 1). In particular paragraphs 9-17 make reference to DMS. (Docket No. 1). Specifically, paragraph 15 of plaintiffs'

Civil No. 06-1717 (JAG)                                                      4

complaint provides grounds for the logical inference that DMS was a party to the policy since plaintiffs therein assert that DMS had the power to cancel the contract. "[DMS] threatened to cancel Mr. Rodriguez's policy if he did not comply with the proof of loss on a monthly basis . . . ." (Docket No. 1, at 4, ¶ 15). As neither party has provided the contract for the purposes of this analysis, all inferences must be construed in favor of the counter-claimants. Thus, the court will follow the Magistrate-Judge's recommendation that the record supports DMS's standing to counterclaim against plaintiffs.

B. Preclusion of counterclaim by judgment from state court.

      Plaintiffs assert that both parties to the Complaint were parties to the local court action, and further, that facts alleged therein were also identical to facts alleged in this complaint. (Docket NO. 18, at 3, ¶ 19). Accordingly, plaintiffs aver that defendants' counterclaim is barred by the compulsory counterclaim rule of civil procedure, which provides in pertinent part: "A pleading shall state as a counterclaim any claim . . . if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). The Court notes that as concluded by the Magistrate-Judge, factual allegations in the counterclaim occurred after the local court entered its judgment. Specifically, paragraph 15 of the counterclaim concerns plaintiffs' action "from the date of the judgment, up to the present

Civil No. 06-1717 (JAG)                                                5

. . . ." (Docket No. 8, at 8, ¶ 15).  Based on the foregoing, the Court draws inferences in favor of the counter-claimants and agrees with the Magistrate-Judge's conclusion that defendants' counterclaim is not precluded.

## CONCLUSION

Neither party has filed objections to the Magistrate-Judge's Report and Recommendation "[w]ithin ten days of being served" with a copy of the order as required by Federal Rule of Civil Procedure 72(b) and Local Rule 510.2.

After reviewing the record, the Court agrees with the Magistrate-Judge's factual and legal conclusions that the plaintiffs' motion is without grounds.  Based on the foregoing, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate-Judge in its entirety.  Accordingly, the Court **DENIES** plaintiffs' motion to dismiss.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 10th day of July, 2007.

                                        S/Jay A. Garcia-Gregory
                                        JAY A. GARCIA-GREGORY
                                        United States District Judge