IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JORGE L. RODRIGUEZ GONZALEZ, et al.,

    Plaintiffs,

               v.

AXA EQUITABLE LIFE INSURANCE COMPANY, et al.,

    Defendants

CIVIL NO. 06-1717 (JAG)

**OPINION AND ORDER**

Plaintiffs Jorge L. Rodriguez Gonzalez ("Rodriguez") and Yvette Irizarry ("Irizarry") (collectively "plaintiffs") filed this suit pursuant to 28 U.S.C. § 1332 against AXA Equitable Insurance Company ("AXA") and Disability Management Services Inc. ("DMS") (collectively "defendants") alleging bad faith resulting from defendants' handling of Rodriguez' claim under his disability insurance policy with AXA. Defendants filed a motion to dismiss invoking *res judicata* (Docket No. 83) and plaintiffs filed a motion to strike said motion arguing the deadline to file such motions had passed (Docket No. 85). The court referred both the motion to strike and the motion to dismiss to Chief Magistrate Judge Justo Arenas for a report and recommendation.

Magistrate Judge Arenas issued a report and recommendation, which asserted that both the motion to strike and motion to dismiss should be denied. Magistrate Judge Arenas explained that the motion to strike should be denied because the parties, with the court's approval, had agreed at the Initial Scheduling Conference of March 13, 2007 that motions dealing with *res judicata* would

Civil No. 06-1717 (JAG)

still be considered past the established deadline of February 9, 2007. Furthermore, Magistrate Judge Arenas recommended the denial of the motion to dismiss holding that *res judicata* does not preclude this suit for damages because the state court never confronted the issues of bad faith, negligence and willfulness. Defendants duly filed objections to the report and recommendation averring that: (1) it was based on fundamental errors about the procedural and factual history of the case before the state court and (2) it failed to apply Puerto Rico *res judicata* law.

Upon *de novo* review, the court agrees with Magistrate Judge Arenas's conclusions, albeit with some qualifications. Accordingly, the court hereby **MODIFIES** and **ADOPTS** the report and recommendation and **DENIES** both the motion to strike and the motion dismiss.

**I.    Standard for Review**

    **A.    Magistrate Judge's Report and Recommendation**

A district court may, on its own motion, refer a pending matter to a United States Magistrate Judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P 72(b); D.P.R. L.Civ.R 503. Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 510.2, the adversely affected party may contest the report and recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. 28 U.S.C. § 636(b)(1). Once timely objections to the report and recommendation are filed, the Court shall make a *de novo* determination of those portions of the report, specified proposed

Civil No. 06-1717 (JAG)

findings or recommendations to which objection is made. *See* United States v. Raddatz, 447 U.S. 667, 673 (1980); Lopez v. Chater, 8 F. Supp. 2d 152, 154 (D.P.R. 1998).  Having defendants filed timely objections to the report and recommendation, the Court will consider the same.

### B.   Motion to Dismiss

In ruling on a motion to dismiss under Rule 12(b)(6), a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs. *See* Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996).  However, the court will not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the complaint's allegations.  Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). The Supreme Court recently held that to survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1967 (2007)).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Twombly, 127 S. Ct. at 1969. Therefore, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 1965.

3

Civil No. 06-1717 (JAG)

### III.     Factual and Procedural Background

Pursuant to Rule 12(b)(6), the court recites the following facts as alleged in the complaint. *See* Langandinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). On January 20, 1994, plaintiffs purchased from AXA an insurance policy for income disability benefits. In April 1996, Rodriguez was diagnosed with "grand mal epilepsy," which fully disabled him and forced him to resign from his job. Rodriguez then submitted a claim to AXA under his insurance policy. AXA paid him timely $1,250.00 a month. Three years later, AXA contracted with DMS to handle their claims, which is when the present dispute arose. Plaintiffs allege that DMS' request of monthly medical visits in order to provide documentation of Rodriguez' disability was not required by the policy, and resulted in delayed payment of his benefits.

On January 25, 2005, plaintiffs filed a declaratory judgment action before the Court of First Instance in San Juan. The state court complaint averred that AXA had breached the insurance contract by forcing Rodriguez to attend monthly medical checkups and provide "proof of loss" forms. Plaintiffs requested in their state court complaint: (1) an injunction against AXA, (2) a declaration of the rights and obligations of the parties under the disability policy, and (3) damages. Plaintiffs then filed a motion for summary judgment, which the state court granted on June 28, 2005.

While ruling on the summary judgment motion, the state court asserted that the only issue in dispute was whether or not the

4

Civil No. 06-1717 (JAG)

insured's certification of disability must be signed on a monthly basis by a physician.  The state court's decision hinged upon its interpretation of the insurance policy clause that reads:  "If the policy provides for periodic payment for a continuing loss, written proof of loss satisfactory to us must be given within 90 days from the end of each monthly period for which we are liable."  The state court decided the clause was ambiguous, and interpreted it in favor of the plaintiffs declaring that the policy did not demand monthly medical examinations.  The state court judge held the policy only required that Rodriguez send AXA a monthly notice of his disability status and that the physician documentation only needed to be sent when Rodriguez' physician summoned him for evaluation.

However, the state court only granted equitable relief and did not discuss damages.  Plaintiffs brought this to the state court's attention by filing a motion for partial reconsideration.  On July 10, 2005, the state court judge amended the judgment admitting he did not notice that plaintiffs had also requested damages, and dismissing without prejudice the damages portion of the suit and on July 21, 2006, plaintiffs filed this suit asking for damages as a result of AXA's alleged breach of contract.

**IV. Analysis**

    **A.  Magistrate Judge's Report and Recommendation**

In this report and recommendation, Magistrate Judge Arenas clarified that the parties had agreed that any motions dealing with *res judicata* would still be considered after the February 9, 2007 deadline.  Plaintiffs did not object to the Magistrate's

5

Civil No. 06-1717 (JAG)

recommendation to deny the motion to strike. Therefore, in the court's discretion and pursuant to Magistrate Judge Arenas' recommendation, the court hereby denies plaintiffs' motion to strike (Docket No. 85).

Defendants, on the on the other hand, did object to the Magistrate Judge's recommendation that the court deny the motion to dismiss. According to defendants, the Magistrate Judge's recommendation is based on (1) fundamental errors about the procedural and factual history of the case, and (2) on failing to apply Puerto Rico *res judicata* law. As to the first alleged error, Defendants assert that Magistrate Judge Arenas mistakenly concluded that Rodriguez's original state court complaint made no demand for damages. However, this possible factual error does not yield a different result. As to the second alleged error, the court agrees that Puerto Rico's *res judicata* law controls here. The *res judicata* analysis requires an inquiry of the state court's treatment of the motion for summary judgment.

**B.   Res Judicata**

*Res judicata* means "the thing has been decided." Vega Arriaga v. J.C. Penney, Inc., 658 F. Supp. 117, 119 (1st Cir. 1987). "In Puerto Rico, as in most jurisdictions, the term *res judicata* is often used to refer to either of two distinct but related doctrines." Gener-Villar v. Adcom Group, Inc., 417 F.3d 201, 205 (1st Cir. 2005). The first doctrine is claim preclusion and "generally binds parties from litigating or relitigating any [claim] that was or could have been litigated in a prior

6

Civil No. 06-1717 (JAG)

adjudication and prevents claim splitting." Id. at 205 (quoting Futura Dev. Corp. v. Centex Corp., 761 F.2d 33, 42 (1st Cir. 1985)). The second doctrine is collateral estoppel, also known as issue preclusion, which "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." Taylor v. Sturgell, 128 S. Ct. 2161, 2171 (2008) (quoting New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001)).

Puerto Rico's *res judicata* statute, Article 1204 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, § 3343 ("Article 1204"), states in pertinent part:

> In order that the presumption of the *res adjudicata* may be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes and persons of the litigants, and their capacity as such.
>
> It is understood that there is identity of persons whenever the litigants of the second suit are legal representatives of those who litigated in the preceding suit, or when they are jointly bound with them or by the relations established by the indivisibility of prestations among those having a right to demand them, or the obligation to satisfy the same.

Interpreting Article 1204, the Puerto Rico Supreme Court held that for *res judicata* to apply, the judgment (1) must be final, (2) must have been rendered by a court with proper jurisdiction, and (3) must have been on the merits. *See* Bolker v. Tribunal Superior, 82 D.P.R. 816, 823-25 (1961); *see also* R.G. Financial Corp. v. Vergara-Nunez, 446 F.3d 178, 183 (1st Cir. 2006) ("a party

7

Civil No. 06-1717 (JAG)

asserting a res judicata defense under Puerto Rico law must establish three elements: (i) the existence of a prior judgment on the merits that is 'final and unappealable;' (ii) a perfect identity of thing or cause between both actions; and (iii) a perfect identity of the parties and the capacities in which they acted").

In this case, the only *res judicata* requirement at issue is whether the judgment was made "on the merits," that is, whether there is perfect identity between the "causes," "persons," and "things" of both suits.  *See* P.R. Laws Ann. tit. 31, § 3343; Boateng v. Interamerican Univ. Inc., 210 F.3d 56, 62 (1st Cir. 2000).  However, the term "perfect identity" is not interpreted literally.  R.G. Financial Corp., 446 F.3d at183.  "[T]he word 'cause'. . . refers to the factual cause; actions share this type of perfect identity when they flow from the same principal ground or origin."  Id.  The Puerto Rico Supreme Court held that the correct method to determine whether a previous sentence impedes a subsequent claim is to inquire whether the same evidence would suffice to sustain both actions.  Millan v. Caribe Motors, 83 D.P.R. 494, 507 (1961).  If different evidence is needed to sustain the different claims, then there are different causes of actions and the first adjudication does not impede future litigation of the other cause of action. Id. at 507.

Defendants argue that both suits have the same causes of action.  The court agrees.  Both suits allege bad faith and illegal practices, which plaintiffs assert caused them damages.  The same evidence which could have been provided to demonstrate the factual

8

Civil No. 06-1717 (JAG)

cause of action in the first suit would be presented in the instant case because the alleged origin of bad faith and illegal actions is the same in both circumstances.  Therefore, there is a perfect identity of "causes."

Also, the perfect identity of "persons" is obvious since the present action has the same parties as the state court action. Even though DMS was not a defendant in the state court suit, this does not change the outcome of the *res judicata* analysis because DMS is "jointly bound" to AXA as its claims handling representatives. *See* P.R. Laws Ann. tit. 31, § 3343; *see also* R.G. Financial Corp., 446 F.3d at 185-86 ("the joinder of additional defendants in the suit, without more, does not destroy the perfect identity of parties that is needed for preclusion").

Nevertheless, defendants fail to show there is a perfect identity of "things" as required by Puerto Rico *res judicata* law. "[T]he word 'thing' as used in [Article 1204,] 'corresponds basically to the object or matter over which the action is exercised.'"  R.G. Financial Corp., 446 F.3d at 183 (quoting Lausell Marxuach v. Diaz de Yanez, 103 D.P.R 533, 535 (1975)). "Two actions share an identity of 'things' if a decision in the second action might function to contradict 'a right arisen or arising from, or a right affirmed by [a] prior decision.'"  R.G. Financial Corp., 446 F.3d at 183 (quoting A & P Gen. Contractors, Inc. v. Asociacion Cana, Inc., 110 D.P.R. 753, 765 (1981)).

In the present action, addressing the action for damages would not interfere with the state court's decision.  The state court treated the complaint exclusively as a declaratory judgment

9

Civil No. 06-1717 (JAG)

requesting injunctive relief.  The state court admitted "[it] did not notice that plaintiffs had added an action for damages together *with the action for injunction already resolved.*" Docket No. 83-10 (our emphasis added).  Since the state court did not notice the action for damages, it never addressed and adjudicated the issues needed for its determination. When confronted with the oversight, the trial court simply dismissed the damages action without prejudice.  Therefore, there is no perfect identity of "things," and the third requisite of adjudication "on the merits" is not met. Hence, this suit is not barred by *res judicata*.

**V.   Conclusion**

For the foregoing reasons, the court hereby **MODIFIES** and **ADOPTS** the report and recommendation. Accordingly, plaintiffs' motion to strike (Docket No. 85) and defendants' motion to dismiss (Docket No. 83) are hereby **DENIED.**

**SO ORDERED**

In San Juan, Puerto Rico, this 11th day of August 2008.

<u>S/Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge

10